## HENRY H. HAY *versus* GEORGE PARKER.

A mortgage of an apothecary's stock, consisting in part of intoxicating liquors, is a sale upon condition of such liquors, and a violation both of the spirit and letter of § 1, c. 33, of the Public Laws of 1858.

The mortgagee in such a mortgage cannot maintain an action of trespass *de bonis* against an officer for attaching the stock covered by the mortgage, as the property of the mortgager, unless the latter was duly licensed under c. 33.

ON EXCEPTIONS.

TRESPASS, for taking a stock of goods, consisting in part of $1,523,62 worth of intoxicating liquors, in the possession of one Atwell.

The plaintiff's title depended upon a mortgage from Atwell to himself. The defendant undertook to justify the taking under an attachment made by him as sheriff, upon a writ against Atwell and subsequent sale upon execution. There was much evidence in relation to the execution and delivery of the mortgage, which the view taken by the Court renders it unnecessary to report.

*C. W. Atwell*, called by the plaintiff, testified on cross-examination that the stock of liquors were kept by him for sale, and that he was not licensed to sell the same, at the time of executing the mortgage to the plaintiff.

After the testimony for the plaintiff was all in, the presiding Judge, on motion of the defendant, ordered a nonsuit; whereupon the plaintiff alleged exceptions.

*McCobb & Kingsbury*, for the plaintiff.

The liquors were not attachable. *Nichols* v. *Valentine*, 36 Maine, 322; *Foss* v. *Stuart*, 14 Maine, 312. Plaintiff did not keep the liquors for sale, but had them simply as security. *Pollard* v. *Som. M. F. Ins. Co.*, 42 Maine, 221; R. S., c. 1, § 4, cl. 1.

It does not appear that Atwell had them for sale in this State. There is no presumption as to the place. *Com.* v. *Blood*, 11 Gray, 77.

The liquors could not be seized upon a warrant even, unless kept illegally. *Reed* v. *Adams*, 2 Allen, 413 ; *Brown* v. *Perkins*, 12 Gray, 89 ; *Kent* v. *Willey*, 11 Gray, 368 ; *Ewings* v. *Walker*, 9 Gray, 95. Even if sold in violation of law, the defendant could not convert the liquor to his own use. *Sullivan* v. *Park*, 33 Maine, 438.

*Howard & Cleaves*, for the defendant.

WALTON, J. — The plaintiff's right to maintain this action depends upon the validity of his mortgage. He has no other title, no other right of possession, than what his mortgage gives him. Is it valid? We think not. The stock of goods mortgaged included over fifteen hundred dollars worth of intoxicating liquors. The sale of liquors "*directly or indirectly*," by one not licensed, is illegal. Act of 1858, c. 33, § 1. And a contract for the sale of a stock of goods, consisting in part only of intoxicating liquors, is wholly illegal, and no action can be maintained upon it. *Ladd* v. *Dillingham*, 34 Maine, 316.

But the plaintiff contends that a mortgage is not a sale, and cites *Pollard* v. *Ins. Co.*, 42 Maine, 221. That was an insurance case, and the Court held that a mortgage is not such an alienation as will avoid the policy. But, in explanation of this decision, it must be remembered that it is a well settled rule of the law of insurance that a sale or alienation of the property avoids the policy, whether there is a proviso to that effect in the policy or not; but that the words *sale* and *alienation*, when thus used, have always been construed to mean a complete, absolute conveyance, such as leaves no insurable interest in the party. When, therefore, a policy of insurance, or an Act incorporating an insurance company, is found to contain a proviso, that a *sale* or *alienation* of the property shall avoid the contract, we think the Court may very properly come to the conclusion that a complete and absolute conveyance is meant, because such has always been the meaning attached to those terms when used in such a connection. But when the character of a

mortgage has come in question, in cases arising under the statutes of 13 and 27 Elizabeth, it has always been held that a mortgage is a sale, and a mortgagee a purchaser. Thus, in *Chapman* v. *Emery*, Cowper, 280, in reply to the same argument here urged, namely, that a mortgage is not a sale, the Court (per Lord MANSFIELD) said, "there is no doubt but a mortgagee is a purchaser." See also, to the same effect, 1 Am. Leading Cases, 48, and cases there cited. So, whenever it has been necessary to distinguish between a mortgage and a pledge, a mortgage is declared to be a *sale* upon condition, while a pledge creates only a lien. With respect to the former the title passes, while with respect to the latter it does not. So, if we look to the form of mortgages in general use, we find that they purport to sell and convey the property absolutely in the first instance, and then a condition is annexed upon the performance of which the *sale* is to become void. A mortgage is a sale upon a condition subsequent, not precedent. The title passes to the mortgagee, and there it often does and always may remain. The prohibitory law of 1858, declares that no unlicensed person shall be allowed to sell intoxicating liquors " directly or indirectly." Can the proposition be maintained that the title to large quantities of intoxicating liquors may be transferred from one to another by way of mortgage, and not violate both the spirit and the letter of this statute? We think not. We think a sale by way of mortgage is as clearly prohibited, and therefore as clearly illegal, as an absolute sale.

Our conclusion, therefore, is that the plaintiff's mortgage is not valid, and, as he has no other title or right of possession to the property sued for than what his mortgage gives him, that this action cannot be maintained. It is therefore unnecessary to determine whether the officer has done anything or omitted to do anything which makes him a trespasser *ab initio* or not. He seems to have acted in good faith, and to have applied the proceeds of the property to the discharge of executions legally in his hands for collec-

tion ; and as the property was all attached and in the custody of the attaching officer at the time the plaintiff's mortgage was executed, and this fact was known to the plaintiff, we presume his disappointment will not be very great when he learns that his mortgage is wholly unavailing.

*Exceptions overruled.*

*Nonsuit confirmed.*

APPLETON, C. J., KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.